IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR158 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA THORPE, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on defendant's motion filed pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence (Filing No. 216). The filing contained a brief and supporting evidence. In his motion, he claims that he received ineffective assistance of counsel in three respects.

In Claim 1, defendant states "defendant's attorney preserved the argument of improper evidence of a gun introduced at trial, for appeal, but failed to adequately address the issue in the initial appeal or argue it in his motion for acquitttal."

In Claim 2, defendant alleges "defendant's attorney failed to call witnesses on his behalf, even though defendant told him he had a witness. Defendant also expressed his desire to testify in the instant case, but was kept from doing so by his counsel."

In Claim 3, defendant alleges "defendant's attorney failed to object to jury instructions or introduce jury instructions about mere association."

The United States Supreme Court has long recognized that the Sixth Amendment right to counsel is necessary to protect the fundamental right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 684 (1984). This right to counsel is "the right to effective assistance of counsel." *Id.* at 686 (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n. 14 (1970)). An ineffective assistance of counsel claim has two components: (1) the defendant must show that counsel's performance was deficient; and (2) the defendant must show that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687.

To demonstrate prejudice, a defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687. The Supreme Court has stated that "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Rather, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The Court must ask whether a reasonable probability exists that absent the errors, the factfinder would have a reasonable doubt respecting guilt, based upon the totality of the evidence. *Id.* at 695.

**BACKGROUND**

Defendant was charged in a third superseding indictment returned on September 22, 2004, with three crimes.  Count I charged him with conspiracy to distribute or possess with intent to distribute cocaine base.  Count II charged defendant with using and carrying a firearm in furtherance of the conspiracy charged in Count I, and Count V charged the defendant with the crime of being a felon in possession of a firearm.

The case was tried in January, 2005, and the jury returned a verdict on February 3, 2005, finding the defendant guilty of the crimes charged in Counts I and II of the indictment, and not guilty of the crime charged in Count V of the indictment.  The defendant subsequently appealed his conviction and sentence, and the United States Court of Appeals for the Eighth Circuit affirmed his conviction in an opinion filed May 5, 2006, but remanded the case for resentencing.  The defendant was subsequently resentenced.  He again appealed the sentence, and the Court of Appeals for the Eighth Circuit affirmed the sentence in an opinion filed on December 6, 2007.  No petitions for writ of certiorari were filed by or on behalf of the defendant.  His present motion was timely filed on December 3, 2008.

Defendant now seeks to have his conviction and sentence set aside on the basis of ineffective assistance of counsel with respect to the three issues identified in his motion.

**DISCUSSION**

His first claim is that his counsel, while preserving an argument of improper evidence of a gun at trial, failed to adequately address the issue in his initial appeal or in his motion for judgment of acquittal made at the close of the government's case and renewed at the close of all of the evidence. The identification of the gun related primarily to the crime charged in Count V of the indictment, and the jury returned a verdict of not guilty on that charge. While the gun identified in Count II and Count V appear to be the same gun, there was testimony from a number of witnesses identifying the gun which was described in Count II which supports the jury's verdict of guilty on Count II.

One of the defendant's contentions is that the jury ought not to be able to return a verdict of not guilty on Count V and find him guilty of the crime charged in Count II. However, the elements of the crime charged in Count V are different than the elements in Count II, and the jury's verdict that the government had failed to prove all of those elements does not establish that he did not possess the firearm described in Count II.

The case was vigorously defended by Mr. Schense, but the showing that defendant has made does not show that "there is a reasonable probability that, but for this 'claimed' error, the

result would have been different." The evidence overwhelmingly supports the charge contained in Count II. For all of the foregoing reasons, the Court finds that this ground is without merit.

His second claim is that his counsel's failure to call witnesses on his behalf and not to allow him to testify denied him effective assistance of counsel. However, the transcript of the trial, Pages 887-89, refutes this claim. At the conclusion of the government's case in chief, the Court reviewed with the defendant his right to testify and his right not to testify. Defendant advised the Court that he had discussed the matter with Mr. Schense, that they had discussed both the advantages and disadvantages of his testifying, and that he had decided not to testify in this case. The following colloquy then took place between the Court and the defendant:

> THE COURT: In reaching that decision, has anyone forced you in any way or threatened you in any way that causes you to make that decision?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Are you satisfied that your decision not to testify is a voluntary and understanding and knowing decision on your part:
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Now, Mr. Schense has concluded that you will not be

>               offering any evidence in this case
>               You understand that?
>
>                    THE DEFENDANT: Yes, sir.
>
>               THE COURT: You and Mr. Schense have
>               discussed that?
>
>                    THE DEFENDANT: Yes, sir.
>
>               THE COURT: Do you concur with that
>               decision?
>
>                    THE DEFENDANT: Yes, sir.

The record amply reflects that defendant acknowledged that it was his decision not to testify and that he agreed with his counsel in not producing any evidence during his case in chief. Accordingly, the Court finds that this claim is without merit.

His third claim is that his counsel failed to object to jury instructions or introduce jury instructions about mere association. The Court has reviewed the instructions which it gave the jury. In Instruction No. 11, the Court charged the jury in part:

>               You should understand that merely
>               being present at the scene of an
>               event, merely acting in the same
>               way as others or merely associating
>               with others, or merely being a
>               member of a gang, does not prove
>               that a person has joined in an
>               agreement or understanding.  A
>               person who has no knowledge of a
>               conspiracy but who happens to act
>               in a way which advances some
>               purpose of one, does not thereby
>               become a member.

This instruction satisfies the defendant's claim and his third claim is without merit and should be denied.

Accordingly, the Court finds that defendant's motion filed pursuant to 28 U.S.C. § 2255 is without merit and should be denied in its entirely.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 28th day of January, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
    LYLE E. STROM, Senior Judge
    United States District Court