IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:04CR158 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA THORPE, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on two motions (Filing Nos. 209 and 212) which seek a reduction of defendant's sentence pursuant to the amendments to the crack cocaine sentencing guidelines and recent decisions of the United States Supreme Court.

The United States Probation office has prepared and submitted to the Court a retroactive sentencing worksheet which addresses the two-level reduction across the board as it deals with offense levels for crack cocaine.  These adjustments were declared to be retroactive so that all defendants previously sentenced under the crack guidelines and who were still in prison were entitled to an adjustment of their sentence pursuant to the new guideline levels.

Title 18, United States Code, Section 3582(c)(2) provides:

> [I]n the case of a defendant who
> has been sentenced to a term of
> imprisonment based on a sentencing
> range that has subsequently been

> lowered by the Sentencing
> Commission pursuant to 28 U.S.C.
> 944(o), upon motion of the
> defendant or the Director of the
> Bureau of Prisons, or on its own
> motion, the court may reduce the
> term of imprisonment, after
> considering the factors set forth
> in section 3553(a) to the extent
> that they are applicable, if such
> reduction is consistent with
> applicable policy statements issued
> by the Sentencing Commission.

The defendant is entitled to a recalculation of his sentence under the amended crack cocaine guidelines.

His total offense level as a result of these modifications to the guidelines is now 34. He has a criminal history category of II, and this converts to a sentencing range of 168 to 210 months on Count I, and a sentence of 60 months for Count II, which must run consecutively to the sentence imposed on Count I. The amended guidelines represent a reduction in defendant's sentence of 42 months.

As the Court noted at the time defendant was originally sentenced, the guidelines for crack cocaine were significantly more onerous than justified by the comparison of crack cocaine to powder cocaine and, at that time, the Court sentenced the defendant to a non-guideline sentence of one hundred twenty (120) months. The United States Court of Appeals for the Eighth Circuit reversed and remanded for resentencing. In accordance with the Circuit's mandate, the defendant was subsequently

sentenced to two hundred ten (210) months on Count I, and sixty (60) months on Count II, to run consecutive to the sentence imposed on Count I.

Pursuant to the recent opinions of the United States Supreme Court in *Spears v. United States*, 555 U.S. ___, 2009 WL 12944 (2009), and *Kimbrough v. United States*, 552 U.S. ___, 128 S.Ct. 558 (2007), the Court is now authorized to consider what the appropriate ratio between powder and crack cocaine ought to be in a given case for purposes of sentencing.  In *Spears*, the United States Supreme Court upheld the decision of the United States District Court for the Northern District of Iowa, in which the district court reduced the ratio to 20 to 1.  The Court refers to its earlier decisions commencing in the early 1990's in which it found that the 100 to 1 ratio was not reasonable or supportable based upon the scientific evidence relating to the nature of the two drugs.

If the drugs involved in this case had been powder cocaine rather than crack cocaine, the offense level for 500 grams to 1.5 kilograms would be 26.  With a criminal history category of II, this results in a guideline range of 70 to 87 months, rather than 168 to 210 months.  This disparity is unconscionable and results in a serious injustice.  Now that the United States Supreme Court has decided that the 100 to 1 ratio is not binding on the Court, the Court is free to calculate crack

cocaine sentences, using a ratio that the Court finds is appropriate.  In this case, the Court has reviewed the factors in Title 18, U.S.C. § 3553(a), and concludes that the original sentence of 120 months imposed is the appropriate and reasonable sentence, considering the nature and amount of drugs involved. Accordingly,

IT IS ORDERED:

1) The defendant be committed to the custody of the Bureau of Prisons for a term of 120 months on Count I and for a term of 60 months on Count II, to run consecutive to the sentence imposed on Count I.

2)  Defendant shall receive credit for all time served pending trial, pending sentencing, and on the sentences which the Court originally imposed in this matter.  All other terms and conditions of the judgment and committal order filed August 11, 2006, remain in full force and effect.

DATED this 3rd day of February, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
     LYLE E. STROM, Senior Judge
     United States District Court